UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HOMER E. HOSKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-00305-TWP-MJD |
| | ) | |
| NATION OF ISLAM, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Denying Motion to Proceed *In Forma Pauperis*, Dismissing Complaint, Directing Plaintiff to Stop Filing Frivolous Claims, and Directing Entry of Final Judgment**

### I. Motion to proceed *in forma pauperis*

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied** because the information contained in the motion is illegible or incomplete. The plaintiff continues to owe the $400.00 filing fee. Similarly, the blank motion attached to the complaint [dkt. 1-1] is **denied** because it does not reflect that the plaintiff is entitled to any relief.

### II. Screening of Complaint

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute requires the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

The complaint alleges that the defendant, the Nation of Islam wasted plaintiff Homer Hoskins' time. In support he states:

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

*Watson of Islam wasted my time on 2/22/15 with a lot of lies.*

The relief he seeks is three trillion dollars.

A complaint that is wholly insubstantial does not invoke the district court's subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *In re African-American Slave Descendants Litigation*, 471 F.3d 754, 757 (7th Cir. 2006) ("A frivolous federal law claim cannot successfully invoke federal jurisdiction."). Pursuant to 28 U.S.C. 1915(e)(2)(B)(i) an action that is frivolous may be dismissed. That is the case here. The complaint does not allege a basis for subject matter jurisdiction, nor is there any discernible federal jurisdiction for the plaintiff's claim. Wasting someone's time does not create a federal cause of action. Even the relief sought is frivolous.

This complaint warrants no further judicial time. It is one of 28 cases and counting that the plaintiff has filed, mostly against private citizens, within the past week. The action is dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

The plaintiff is abusing the Court's limited resources and if he fails to stop filing frivolous claims and claims that lack federal jurisdiction, the Court will issue appropriate sanctions. Such sanctions could include the imposition of filing restrictions.

**IT IS SO ORDERED.**

Date: 2/27/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Homer E. Hoskins, 254 E. Market Street, Indianapolis, IN 46204